IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BELLE GLEN II CONDOMINIUM OWNERS ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:13-cv-00615 |
| QBE INSURANCE CORPORATION, | ) ) ) | JURY DEMANDED |
| Defendant. | ) | |

## ORDER

This matter came to be heard at the Initial Case Management Conference held on August 12, 2013. Counsel for both the Plaintiff and the Defendant were present. After a review of the pleadings and discussing the case with counsel for parties, the Court believes it will be helpful to have an independent third-party expert examine the roof damage claimed by Plaintiff in this case that is disputed by the Defendant. Accordingly, the Court orders as follows:

1.      The parties shall seek to agree on the selection of an independent third-party roofing expert that will be jointly retained by the parties for the sole purpose of determining the cause, nature, and extent of the exterior roof and ancillary damage to Plaintiff's property. The expert shall review available photographic evidence and render an opinion to the parties regarding the cause, scope, and extent of the claimed damage, as well as the method and scope of the necessary repairs (but without an estimate of

repair costs). Any information or documents provided to the expert by each party will also be provided to the other party.

2.      If the parties cannot agree on a third-party expert, each party shall submit three proposed names to the Court, and the Court shall decide which expert shall undertake this review. No party shall submit a proposed expert that has any close association or past or present business relationship with that party.

3.      Any determination or opinions rendered by the third-party expert shall not be binding upon the parties and such individual shall not be allowed to testify at the trial of this case. The expert's opinions or determinations shall also be inadmissible at the trial of this case, and the expert's opinions shall not be shared with any testifying experts retained by the parties. Instead, the Court seeks to appoint such a person as part of its individualized case management of this matter in an effort to foster the potential resolution of the case in an expeditious and cost-efficient manner.

4.      The cost of the aforementioned expert's review shall be shared equally by the parties, but such expert's fees shall not exceed the total amount of $2,500, or $1,250 to Plaintiff and $1,250 to Defendant.


ORDERED this _19th_ day of _August_ , 2013.


WILLIAM J. HAYNES, JR.
CHIEF DISTRICT JUDGE